An appropriate order will issue.

**Kathleen BENNETT, et al., Plaintiffs,**

**v.**

**CENTRAL TELEPHONE COMPANY OF ILLINOIS, et al., Defendants.**

**No. 79 C 5000.**

United States District Court, N. D. Illinois, E. D.

Aug. 4, 1982.

Thomas R. Meites, Lynn Sara Frackman, Mary Rose Strubbe, Meites & Frackman, Chicago, Ill., for plaintiffs.

Nina G. Stillman, Thomas G. Abram, Bruce R. Alper, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendants.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Eight women plaintiffs have sued Central Telephone Company of Illinois ("Centel") and Local 336, International Brotherhood of Electrical Workers ("Union")[1] individually and on behalf of a class of many current and former female Centel employees. They

1. Union is now out of the case as the result of this Court's current opinion granting summary judgment in its favor.

allege employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17. Centel moves to dismiss plaintiff Arline Orchowski ("Orchowski"). For the reasons stated in this memorandum opinion and order its motion is granted.

On July 14, 1981 Orchowski filed an Equal Employment Opportunity Commission ("EEOC") charge against Centel. Two days later plaintiffs' counsel moved to add Orchowski as a named plaintiff here. Centel opposed that motion because Orchowski could not bring a court action until she had received a right to sue letter as required by Title VII, 42 U.S.C. § 2000e–5(f)(1). This Court acknowledged Orchowski's action was premature but granted plaintiffs' motion because Orchowski would be able to obtain a right to sue letter in not more than six months (so that a forced deferral would exalt form over substance).

More than a year has passed and EEOC is still in the investigative process. Though Orchowski has been entitled to demand a right to sue letter since January 10, 1982 she has chosen not to do so. Thus Orchowski remains an active complainant before both EEOC and this Court.

■ This Court has today certified a class in this action. That changes the general rule that an *individual* plaintiff must obtain a right to sue letter before suing under Title VII (*Gibson v. Kroger Co.*, 506 F.2d 647, 650–51 (7th Cir. 1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1571, 43 L.Ed.2d 779 (1975)), for it is equally well settled only one plaintiff need exhaust administrative remedies if a class is certified. *Romasanta v. United Air Lines, Inc.*, 537 F.2d 915, 919 (7th Cir. 1976), *aff'd sub nom., United Air Lines, Inc. v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 52 L.Ed.2d 423 (1977).[2]

That does not however control the current motion. Orchowski has voluntarily chosen to pursue an EEOC charge. Centel's motion then poses the question whether a party, having chosen to invoke an administrative procedure, can join a related lawsuit before completing the administrative action. Neither of the parties nor the Court has uncovered any precedent.

■ Logic compels acceptance of Centel's position that Orchowski must first exhaust or terminate the administrative proceeding she has begun. EEOC has no adjudicatory power and cannot force Centel to settle Orchowski's claim. EEOC's role, if it finds a claim meritorious, is to attempt to get an employer to comply voluntarily with Title VII's requirements. Title VII is designed so that compliance negotiations take place before a lawsuit is filed. If Orchowski is serious about having EEOC seek a voluntary settlement, she must hold off on her lawsuit.[3] If she is not, she can force issuance of a right to sue letter and pursue her claim at law.

It is true Orchowski is likely a member of the just-certified class and will participate in this lawsuit on that level regardless of whether she becomes a named plaintiff. But a named plaintiff has a much greater degree of litigation involvement than an unnamed class member. Named plaintiffs act as class representatives and determine how to run the lawsuit. Orchowski should not be permitted such an active involvement in this action until she has played out—or cut—the EEOC string.

This ruling will not prejudice Orchowski, who can terminate the EEOC proceeding at

---

**2.** Centel attempts to distinguish *Romasanta* because the non-exhausting party there sought to "intervene" as opposed to joining as a named plaintiff—a distinction without a difference. Any grant of intervention makes the intervenor a party litigant. Centel also cites the clearly inapplicable decision in *Movement for Opportunity and Equality v. General Motors Corp.*, 622 F.2d 1235, 1240–41 (7th Cir. 1980), where the dismissed plaintiff was the *only* class representative.

**3.** At her deposition Orchowski left no doubt about her lack of seriousness in that respect, for she said she had "no intention of conciliating" for herself alone (Tr. 246). EEOC can control its own proceedings, but this Court will not facilitate the use of EEOC's resources solely as an adjunct to this litigation.

any time. Centel, on the other hand, would be prejudiced by having to defend Orchowski's lawsuit and EEOC action simultaneously.

### Conclusion

Centel's motion to dismiss Orchowski as a named plaintiff is granted. Such dismissal is stayed for two weeks to enable Orchowski to obtain a right to sue letter from EEOC.